# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | **JUDGE RICHARD L. SPEER** |
| Jeffrey M. Shugarman ) | |
| ) | Case No. 12-3008 |
| Debtor(s) ) | |
| ) | (Related Case: 11-36435) |
| Fadhil A. Hussein, et al., ) | |
| Plaintiff(s) ) | |
| v. ) | |
| Jeffrey M. Shugarman ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

This cause comes before the Court on the Motion for Summary Judgment filed by the Plaintiffs, Fadhil Hussein and Raya Ahmed. (Doc. No. 10). Within the time period prescribed by L.B.R. 9013-1, the Defendant, Jeffrey M. Shugarman, did not file a response to the Plaintiffs' Motion for Summary Judgment. Accordingly, the Court considers this matter ripe for adjudication.

The Plaintiffs' Motion for Summary Judgment is brought in support of their Complaint to determine the dischargeability of a particular debt. For their complaint, the Plaintiffs rely on two statutory provisions: (1) 11 U.S.C. § 523(a)(2), excepting from discharge a debt arising from a debtor's fraudulent conduct; and (2) 11 U.S.C. § 523(a)(6), excepting from discharge a debt arising from a willful and malicious injury caused by a debtor. (Doc. No. 1). As applied to these provisions, the Court has had the opportunity to review the arguments and exhibits submitted by the Plaintiffs. Based upon this review, the Court, for the reasons set forth herein, finds that the Plaintiffs' Motion for Summary Judgment should be Granted.

## FACTS

In 2005, the Plaintiffs contracted with certain parties, including the Defendant, for the construction of a home. In 2006, the Plaintiffs filed suit against the Defendant, as well as the other involved parties, alleging contractual breaches in the construction of their home. The Plaintiffs' suit against the Defendant went to arbitration.

In December of 2008, the arbitrator found against the Defendant, awarding the Plaintiffs damages totaling $524,015.56. This award of damages was comprised of two components: (1) compensatory damages of $332,254.55; and (2) punitive damages of $191,761.01 for attorneys' fees and costs. In making this award, the arbitrator made the following findings of fact and conclusions of law:

> the Plaintiffs paid twice to have work performed because they were forced to pay subcontractors which the Defendant failed to pay, resulting in mechanics liens. In failing to pay the subcontractors, the Defendant fraudulently requested and received payments from the Plaintiffs' lender. (Doc. No. 1, Ex. 1 at pg. 6, ¶ 12).
>
> The Defendant "acted with actual knowledge" in causing injury to the Plaintiffs. (Doc No. 1, Ex. 1 at pg. 6, ¶ 13).
>
> The Plaintiff proved by clear and convincing evidence that the Defendant exhibited a conscious disregard for the rights of the Plaintiffs in their contractual relationship, thereby warranting an award of punitive damages. (Doc. No. 1, Ex. 1, at pg. 7).
>
> Actual malice on the part of the Defendant can be inferred on the basis that he falsified an affidavit of an original contractor. (Doc. No. 1, Ex. 1, at pg. 7).
>
> The Defendant is personally liable to the Plaintiffs. (Doc. No. 1, Ex. 1, at pg. 5).

In his answer to the Plaintiffs' complaint in this proceeding, the Defendant acknowledged these findings and conclusions made in the state-court proceeding. (Doc. No. 9).

Fadhil A. Hussein, et al v. Jeffrey M. Shugarman
Case No. 12-3008

The state court with jurisdiction over the matter confirmed the decision made by the arbitrator, except with respect to the personal liability of the Defendant, finding that the arbitrator had exceeded his authority when he ruled on claims directed against the Defendant in his personal capacity. On the matter of the Defendant's personal liability, the Plaintiffs filed an appeal, with the appellate court determining that the state court had erred, with the arbitrator being correct in his determination that he had authority to impose liability against the Defendant in his personal capacity. (Doc. No. 1, Ex. 2). Subsequently, the Defendant sought to have the arbitrator's award set aside. The state court, however, denied the Defendant's request; this decision was later upheld on an appeal brought by the Defendant. (Doc. No. 1, Ex. 3).

On December 1, 2011, the Defendant filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. The Plaintiffs then filed the adversary proceeding now before the Court seeking a determination that their claim against the Defendant is a nondischargeable debt.

### DISCUSSION

In this proceeding, the Plaintiffs seek a determination that the claim they hold against the Defendant is a nondischargeable debt. This type of proceeding, brought to determine the dischargeability of a particular claim, is deemed to be a "core proceeding" under 28 U.S.C. § 157(b)(2)(I). Accordingly, as a "core proceeding," this Court has the jurisdictional authority to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1).

The Plaintiffs' complaint to determine dischargeability is brought pursuant to 11 U.S.C. § 523(a)(2)(A), excepting from discharge a debt incurred by a debtor's fraud, and § 523(a)(6), excepting from discharge a debt arising from a debtor's willful and malicious conduct. Respectively, these provisions provide:

Page 3

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
>>
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>>
>> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

For these provisions, the Plaintiffs bear the ultimate burden of persuasion to establish, by at least a preponderance of the evidence, the applicability of either § 523(a)(2)(A) or § 523(a)(6). *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

On their complaint, the Plaintiffs filed a Motion for Summary Judgment. The standard for summary judgment is set forth in Rule 56(a) of the Federal Rules of Civil Procedure, as made applicable to this Court by Bankruptcy Rule 7056. Under Rule 56(a), it is provided that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making this assessment, all "inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). If the party moving for summary judgment fails to meet their burden, the motion must be denied, regardless of whether the nonmovant, as here, did not submit a response. *Duffie v. U.S.*, 600 F.3d 362, 371 (5th Cir. 2010).

Page 4

Fadhil A. Hussein, et al v. Jeffrey M. Shugarman
Case No. 12-3008

As the legal basis for their Motion for Summary Judgment, the Plaintiffs rely on the doctrine of collateral estoppel, setting forth in their Motion: the "doctrine of collateral estoppel . . . precludes re-litigation of issues of fact and law decided by the Arbitrator and confirmed by the state court of appeals. The Arbitration Award, as confirmed by the Ohio court of appeals, is entitled to full faith and credit, and [the Defendant] is precluded from re-litigating the issues respecting false pretenses, false representations, actual fraud, his intent to injure Plaintiffs, and his willful and malicious injury to the Plaintiffs." (Doc. No. 10, at pg. 3).

On the position taken by the Plaintiffs, regarding the application of the collateral estoppel doctrine, this Court has explained:

> The doctrine of collateral estoppel, also known as "issue preclusion," is a common-law doctrine. It serves to promote judicial economy by preventing the same parties or their privies from re-litigating facts and issues in a subsequent suit that were fully litigated in a prior suit. Collateral estoppel principles apply to bankruptcy proceedings and can be used in nondischargeability actions to prevent the re-litigation of issues already decided in another forum such as a state court.
>
> When applying collateral estoppel principles from a state court judgment to a nondischargeability proceeding, however, the Supreme Court of the United States has held that the federal common law does not apply. Instead, bankruptcy courts, pursuant to the full faith and credit principles of 28 U.S.C. § 1738, must give the same issue preclusion effect to a state court judgment as it would be given under that state's law.

*Hoffman v. Anstead (In re Anstead)*, 436 B.R. 497, 501 (Bankr. N.D.Ohio 2010) (internal citations omitted). In accordance with this approach, Ohio law will be applied since the facts and issues sought to be precluded in this proceeding were previously subject to litigation in an Ohio forum and involved the application of Ohio law.

Under Ohio law, once a decision of an arbitrator is confirmed by the state court having jurisdiction over the matter, and judgment entered thereon, the arbitrator's findings are entitled to

Page 5

preclusive effect. O.R.C. § 2711.14.[1] *See also Ford Hull-Mar Nursing Home, Inc. v. Marr, Knapp, Crawfis & Assoc., Inc.*, 138 Ohio App.3d 174, 181, 740 N.E.2d 729 (Ohio App. 7th Dist. 2000) (an arbitration award has the same preclusive effect as a court judgment for the matters it decided), *citing Cleveland v. Assn. of Cleveland Fire Fighters*, 20 Ohio App.3d 249, 254, 485 N.E.2d 792 (Ohio App. 8th Dist. 1984). Nothing is inherently unfair with such a result as parties to arbitration must consent to the adjudication of their claims and defenses before an arbitrator. *Rickard v. Teynor's Homes, Inc.*, 279 F.Supp.2d 910, 913 (N.D.Ohio 2003) ("Under Ohio law . . . arbitration cannot be forced on parties who do not consent to it.").

To give a judgment entered by a state court preclusive effect under the doctrine of collateral estoppel, Ohio law requires that the party moving for the application of the doctrine establish the existence of these four elements:

> (1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
>
> (2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment;
>
> (3) The issue in the present suit must have been identical to the issue involved in the prior suit; and
>
> (4) The party against whom estoppel is sought was a party or in privity with a party to the prior action.

*Murray v. Wilcox (In re Wilcox)*, 229 B.R. 411, 415–16 (Bankr. N.D.Ohio 1998), *citing Cashelmara Villas Ltd. Partnership v. DiBenedetto*, 87 Ohio App.3d 809, 813–14, 623 N.E.2d 213 (1993).

For each of the above four elements, it is readily apparent to the Court that the circumstances as they existed in the Parties' previous state-court case closely align themselves with this adversary

---

[1] The judgment so entered shall have in all respects the same effect as, and be subject to all laws relating to, a judgment in an action. Such judgment may be enforced as if rendered in an action in the court in which it is entered.

Page 6

proceeding. First, for elements one and two, the facts presented to the Court show that, in the state-court matter, the Parties fully and directly litigated the issues necessary for a final judgment. To this end, the Parties submitted their dispute to arbitration and thereafter, upon consideration of the evidence presented, the arbitrator entered a decision in favor of the Plaintiffs. In doing so, the arbitrator made specific findings of fact consistent with § 523(a)(2)(A), regarding the Defendant's fraudulent conduct, as well as § 523(a)(6), concerning conduct on the part of the Defendant of a willful and malicious nature.

The fourth element, an identity of parties, is also satisfied, with the facts presented to the Court demonstrating that, in the prior action, the Defendant was an adverse party to the claims brought by the Plaintiffs. The Defendant's earlier contention, that the arbitrator lacked personal jurisdiction over him, does not find support, with this position being specifically rejected on appeal. Thus, given these circumstances, it cannot be controverted that both the Defendant, individually, and the Plaintiffs were parties in the prior state-court action.

The third and remaining element of the collateral estoppel doctrine requires that it be shown that the "the issue in the present suit must have been identical to the issue involved in the prior suit." For this requirement, the Bankruptcy Appellate Panel for the Sixth Circuit explained:

> If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other.

*Ed Schory & Sons, Inc. v. Francis (In re Francis)*, 226 B.R. 385, 389 (6th Cir. B.A.P. 1998). In making this assessment, it is necessary to compare those factual findings made in the state-court proceeding and determine whether those findings would have been sufficient to sustain a decision that the Defendant's conduct rose to the level to except the Plaintiffs' claim from discharge pursuant to the standards of either § 523(a)(2)(A) or § 523(a)(6). *Gonzalez v. Moffitt (In re Moffitt)*, 254 B.R. 389, 394 (Bankr. N.D.Ohio 2000).

Page 7

On the Plaintiffs' action under § 523(a)(2)(A), the Sixth Circuit Court of Appeals set forth that, to hold a debt nondischargeable on the basis of a debtor's fraudulent misrepresentations, the existence of these four elements must be established: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir.1998).

For their claim brought under § 523(a)(6), the Plaintiffs are required to establish that the Defendant's conduct was both "willful" and "malicious," with the provision being written in the conjunctive. For this purpose, this Court has held that a "willful" injury under § 523(a)(6) requires a showing that the debtor acted with the specific intent to cause injury, or was substantially certain that an injury would occur. *In re Frick*, 427 B.R. 627, 633 (Bankr. N.D.Ohio 2010), citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998). As used in § 523(a)(6), the word "maliciously" has been defined as an act done in conscious disregard of one's duties or without just cause or excuse; no ill-will hatred or spite is required, however. *Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226, 1229 (6th Cir.1991).

In assessing the prior litigation, it is evident to the Court that the findings of fact and conclusions of law made by the arbitrator conform and are virtually indistinguishable from each of the elements, *supra*, necessary to sustain an action under § 523(a)(2)(A) and § 523(a)(6). In the arbitrator's decision it was set forth that the Defendant intentionally used false affidavits to deceive the Plaintiffs, the Plaintiffs were deceived and damaged by the Plaintiff, the Defendant acted with the willful intent to injure the Defendant and the Defendant acted with actual malice toward the Plaintiffs.

Given, therefore, that the findings and conclusions of the arbitrator form an almost perfect match to the elements of § 523(a)(2)(A) and § 523(a)(6), the burden lies with the Defendant to explain why the arbitrator's findings and conclusions are insufficient to sustain the Plaintiffs'

Fadhil A. Hussein, et al v. Jeffrey M. Shugarman
Case No. 12-3008

complaint to determine dischargeabilty. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial). No such explanation, however, was provided to the Court, with the Defendant not responding to the Plaintiffs' Motion for Summary Judgment.[2]

As a final point, it is recognized that the claims adjudicated by the arbitrator sounded in contract, and that a mere breach of contract will not support a finding of nondischargeability under § 523(a)(2)(A) or § 523(a)(6). As this Court previously observed: "the mere breach of a promise to pay does not establish the existence of an intent to defraud. Otherwise, any breach of contract would be a nondischargeable debt." *Bartson v. Marroquin (In re Marroquin)*, 441 B.R. 586, 593 (Bankr. N.D.Ohio 2010). However, the contractual nature of the Plaintiffs' claims is not fatal.

In finding in favor of the Plaintiffs, the arbitrator's conclusions – that the Defendant acted fraudulently, and in an intentional and malicious manner – were material and necessary to the arbitrator's decision. This is exemplified by the arbitrator's award of punitive damages. Under Ohio law, punitive damages can only be awarded if their is actual malice which is characterized as (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174

---

[2] As a matter of procedure it is noted that, at the time the Plaintiffs filed their Motion for Summary Judgment, the United States Trustee was investigating whether to bring an action against the Defendant to deny discharge under 11 U.S.C. § 727(a). At the time of this decision, the record reflects that this investigation is still pending. However, the Defendant could not have been under any misconception that this investigation would necessitate holding the Plaintiffs' Motion for Summary Judgment in abeyance given this particular fact: On May 16, 2011, the Plaintiffs filed a Motion asking the Court to proceed with a ruling on their Motion for Summary Judgment. (Doc. No. 11). The Defendant, although served with the Motion, did not file any response.

Page 9

Fadhil A. Hussein, et al v. Jeffrey M. Shugarman
Case No. 12-3008

(Ohio 1987). Consequently, with the arbitrator's conclusions being inexorably intertwined with the arbitrator's final decision, such conclusions, in the nomenclature of the second element of the collateral estoppel doctrine, were "necessary to the final judgment."

In summation, the findings and conclusions made by the state-court arbitrator collaterally estop the Defendant from defending in this Court against the Plaintiffs' complaint to determine dischargeability. Therefore, the Plaintiffs' claim against the Defendant, as determined and liquidated by the state-court arbitrator, is a nondischargeable debt. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Plaintiffs, Fadhil A. Hussein and Raya Ahmed, for Summary Judgment, be, and is hereby, GRANTED.

***IT IS FURTHER ORDERED*** that the full liability adjudicated against the Defendant/Debtor, Jeffrey M. Shugarman, in the case captioned *Fadhil A. Hussein, M.D., et al v. Hafner & Shugarman Enterprises, Inc., et al, Case No. 2006-CV-0540*, be, and is hereby, determined to be a NONDISCHARGEABLE DEBT pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6).

Dated: June 12, 2012

Richard L. Speer
United States
Bankruptcy Judge

Page 10